Meiliana OEY;  et al., Petitioners,

v.

Alberto GONZALES, Attorney General,* Respondent.

No. 03–72044.

Agency Nos. A75–601–246, A75–601–248, A75–601–249.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.**

Decided April 4, 2005.

Daniel P. Hanlon, Hanlon & Greene, Pasadena, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Anh–Thu P. Mai, Jonathan Cohn, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM***

Meiliana Oey and her two minor sons, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). We grant the petition for review, and remand.

Oey, an ethnic Chinese Christian, testified at her asylum hearing that during the May 1998 riots in Jakarta her store was looted and destroyed by mobs who shouted anti-Chinese threats. Two months later, after Oey fled Indonesia, her store was looted again by a mob and her husband received several telephone calls threatening to "kill all the family" and "finish all you Chinese people." The callers also threatened to rape Oey's daughter who resides in the United States. Oey also testified that as late as 1999, her store was robbed again. In June 1999, a Chinese female friend of Oey's was attacked in her car and robbed by natives yelling anti-Chinese remarks.

The record establishes that Oey has a well-founded fear of future persecution as a member of a disfavored group. *See Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir. 2004). Oey's past experiences, death threats, threats of rape to her daughter, and the attack on a similarly situated person, establish a well-founded fear of future persecution because Oey has demonstrated the requisite level of individualized risk. *See id.* (requiring a "comparatively low" level of individualized risk in order to prove a well-founded fear of future persecution).

We do not address Oey's entitlement to withholding of removal, relief under the Convention Against Torture, or reopening based on new evidence, because Oey did not raise these issues in her brief to this court. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) (holding that issues not raised in the appeal brief are deemed abandoned).

We grant the petition for review and remand so that the Attorney General may exercise his discretion as to whether to grant asylum relief. *See Sael*, 386 F.3d at 930.

**PETITION FOR REVIEW GRANTED; REMANDED.**

***

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

